UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HARRY F. MARSH | CIVIL ACTION NO. 2:19-CV-9339 |
| VERSUS | SECTION T (4) |
| HUNTINGTON INGALLS, INCORPORATED, et al. | JUDGE GREG GERARD GUIDRY |

## ORDER

Before this Court are three motions filed on behalf of Defendant International Paper Company: (1) Motion to Dismiss for Lack of Personal Jurisdiction pursuant to F.R.C.P. 12(b)(2); (2) Motion to Dismiss for Failure to State a Claim pursuant to F.R.C.P. 12(b)(6); and (3) Motion for More Definite Statement pursuant to F.R.C.P. 12(e).[1] Huntington Ingalls, Inc. as Plaintiff in a cross claim for contribution[2] has filed an Opposition to the Motion to Dismiss.[3] For the following reasons, the Motion to Dismiss is **DENIED.**

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Harry F. Marsh, was diagnosed with malignant pleural mesothelioma.[4] He proceeded to file suit in state court against ANCO Insulations, Inc., Avondale Shipyards, Inc. (n/k/a Huntington Ingalls, Incorporated), and others on January 18, 2019.[5] Huntington Ingalls removed the matter to federal court on April 12, 2019.[6] Plaintiff contends the mesothelioma was caused by exposure to asbestos during his time as a seaman.[7] International Paper Company, the

---

[1] R. Doc. 43.
[2] R. Doc. 66
[3] R. Doc. 122.
[4] R. Doc 51.
[5] R. Doc. 51.
[6] R. Doc. 1-1.
[7] R. Doc. 1-1.

1

movant here, is the successor in interest to U.S. Plywood Corporation.[8] U.S. Plywood was the exclusive distributor until 1974 of Fire Resistant Decorative Micarta ("FRDM").[9] For the reasons set forth below, all three motions filed by Huntington Ingalls are **DENIED**.

**Motion to Dismiss for Lack of Personal Jurisdiction pursuant to F.R.C.P. 12(b)(2)**

The Due Process Clause of the Fourteenth Amendment operates to limit the power of a State to assert *in personam* jurisdiction over a nonresident defendant.[10] To satisfy the due process requirements of the Fourteenth Amendment, a state may have general personal jurisdiction over a juridical person or specific personal jurisdiction. "General jurisdiction requires that a defendant have "continuous and systematic" contacts with the forum state, and confers personal jurisdiction, even when the cause of action has no relationship to those contacts."[11] When a court cannot exercise this broad jurisdictional basis it must look to specific personal jurisdiction. This form of *in personam* jurisdiction is created by "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[12] Further, the controversy must "arise out of" the defendant's contacts with the forum. The Supreme Court has said that a "relationship among the defendant, the forum, and the litigation" is the essential foundation of *in personam* jurisdiction.[13]

---

[8] R. Doc. 1-1.
[9] R. Doc. 122, pp. 2-3. According to Huntington Ingalls, "FRDM" refers to a marine veneer manufactured by Westinghouse that was 80% asbestos. Hopeman Brothers, Inc., a joiner contractor, purchased Westinghouse FRDM from U.S. Plywood continuously from 1956-1974. Hopeman then sent the FRDM to its wholly-owned subsidiary, Wayne Manufacturing Company, where the FRDM was laminated to a Marinite panel (another asbestos-containing product) to form composite wallboards. Hopeman installed these composite wallboards on all Lykes vessels constructed by Avondale, including the LOUIS LYKES, RUTH LYKES, MASON LYKES, and GENEVIEVE LYKES.
[10] *Pennoyer v. Neff*, 95 U.S. 714 (1878).
[11] *Athletic Training Innovations, LLC v. eTagz, Inc.*, 955 F.Supp. 2d 602, 612 (E.D. La. 2013).
[12] *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).
[13] *Shaffer v. Heitner*, 433 U.S. 186 (1977).

In determining the relationship among the defendant, the forum, and the litigation, the Fifth Circuit has adopted a three-part test for specific personal jurisdiction: (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.[14]

To meet this standard, the Plaintiff "bears the burden of establishing jurisdiction but is required to present only *prima facie* evidence."[15] "In determining whether a *prima facie* case exists, this Court must accept as true [the Plaintiff's] uncontroverted allegations, and resolve in [its] favor all conflicts between the [jurisdictional] facts contained in the parties' affidavits and other documentation."[16]

The Defendant, International Paper, asserts Plaintiff has failed to plead facts that show the case arose from the certain minimum contacts Defendant has with the forum state; thus, Defendant primarily challenges the second factor noted above.[17] Defendant contends it is a New York Corporation with its principal place of business in Tennessee.[18] Defendant argues that, while Plaintiff generally alleges he was exposed to asbestos while aboard vessels in Louisiana waters and/or while in Louisiana ports,[19] there are no factual allegations that any asbestos-containing

---

[14] *McFadin v. Gerber*, 587 F.3d 753, 763 (5th Cir. 2009).
[15] *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 219 (5th Cir. 2012).
[16] *Id.* at 219-220 Citing *Freudensprung v. Offshore Technical Servs., Inc.,* 379 F.3d 327, 343 (5th Cir.2004).
[17] R. Doc. 43.
[18] R. Doc. 43-1, p. 3.
[19] *See* Note 9, *supra*.

products associated with Defendant were disturbed on the referenced vessels in Plaintiff's vicinity while he was within the jurisdiction of this Court.[20]

Huntington Ingalls counters that Plaintiff specifically asserts in his petition that he was exposed to asbestos aboard various ships in the territorial waters and ports of Louisiana.[21] Plaintiff further asserts that Defendant "designed, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, distributed, sold and/or supplied asbestos-containing products to Plaintiff's exposure sites."[22] Finally, Plaintiff alleges the exposure to the asbestos-containing products caused his illness.[23] Taken as fact, as the Court must, these assertions adequately demonstrate that the controversy arises from Defendant's contacts with the forum state giving rise to personal jurisdiction.

**Motion to Dismiss for Failure to State a Claim pursuant to F.R.C.P. 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[24] The district court must construe facts in the light most favorable to the nonmoving party, because motions to dismiss for failure to state a claim are generally viewed with disfavor and are rarely granted.[25] To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

---

[20] *Id.*
[21] R. Doc. 1-1 ¶ 34, 48, and 49.
[22] R. Doc. 1-1 ¶84.
[23] R. Doc. 1-1.
[24] Fed. R. Civ. P. 12(b)(6).
[25] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982); *see also Richardson v. Cella*, No. 12-1771, 2013 WL 4525642, at *3 (E. D. La. Aug. 26, 2013)(Fallon, J.) (quoting *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011)).

is plausible on its face.'"[26] In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings,[27] and the documents attached to the complaint.[28]

Federal Rule of Civil Procedure Rule 8(a) requires only that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[29] A complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[30] The complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor.[31] On the other hand, courts may not rely on "legal conclusions that are disguised as factual allegations."[32] If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed.[33]

Defendant International Paper asserts Plaintiff has failed to state a claim upon which relief can be granted.[34] Defendant argues Plaintiff has not provided any set of facts under which it could be liable for Plaintiff's injuries other than speculative and conclusory allegations. Huntington Ingalls asserts Plaintiff has plausibly stated all three elements of an asbestos claim: (1) the defendant manufactured or distributed the asbestos-containing product to which exposure is

---

[26] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).
[27] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).
[28] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[29] Fed. R. Civ. P. 8(a)(2).
[30] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868, 883 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).
[31] *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (citing *Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 558 (5th Cir. 2002)).
[32] *Jeanmarie v. United States*, 242 F.3d 600, 603 (5th Cir. 2001) (citing *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)).
[33] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929, 940 (2007).
[34] R. Doc. 43.

alleged, (2) plaintiff was exposed to the defendant's product, and (3) the product was a substantial factor in causing the injury suffered.[35]

To address this claim, this Court must look to the law of the complaint. The alleged injury arises out of a products liability claim for asbestos exposure.[36] Plaintiff has also alleged this case arises under the general maritime law.[37] The Supreme Court has acknowledged that products liability is a feature of general maritime law.[38] To develop the general maritime law, courts look to both state law, and the general common law as stated in the Restatement of Torts.[39] "Numerous courts . . . have embraced Section 402A of the Restatement (Second) of Torts as the "best expression" of the law of products liability under the general maritime law."[40]

Section 402A provides as follows:

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and
(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and
(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

---

[35] R. Doc. 122, p.5 (citations omitted).
[36] R. Doc. 1-1.
[37] R. Doc. 1-1 ¶ 5.
[38] *E. River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 865 (1986).
[39] *Authement v. Ingram Barge Co.*, 977 F. Supp. 2d 606, 610 (E.D. La. 2013).
[40] *Id.,* citing *Ocean Barge Transp. Co. v. Hess Oil Virgin Islands Corp.*, 726 F.2d 121, 123 (3d Cir.1984) (collecting cases); *see also Hebert*, 638 F.Supp. at 1170 (same); 1 Thomas J. Schoenbaum, Admiralty and Maritime Law § 5–7 (5th ed. 2012) ("The applicable substantive law of products liability in admiralty is Section 402a of the Restatement (Second) of Torts.").

Turning to Plaintiff's petition, Plaintiff specifically asserted he was exposed to asbestos aboard various ships in the territorial waters and ports of Louisiana.[41] This allegation taken as fact establishes the exposure sites where Defendant provided the asbestos-containing material. Plaintiff further alleges Defendant "designed, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, distributed, sold and/or supplied asbestos-containing products to Plaintiff's exposure sites."[42] This allegation taken as fact establishes "the seller is engaged in the business of selling such a product," the product reached the "user or consumer without substantial change in the condition in which it is sold," and a "defective condition unreasonably dangerous to the user or consumer" existed.[43] Finally, Plaintiff alleges the exposure to the asbestos-containing products caused his illness, which allegation satisfies the standard for imposing liability under 402(1).[44] Accepted as true for the purposes of this motion, these allegations demonstrate a products liability claim made under the general maritime law that is plausible under the *Twombly-Iqbal* standard of the Supreme Court.

### Motion for More Definite Statement pursuant to F.R.C.P. 12(e)

The Federal Rules of Civil Procedure allow for a defendant to request a more definite pleading.[45] "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."[46] A complaint is valid if it provides "a short and plain statement of the claim showing that the pleader is entitled to relief."[47] "The liberal notice pleading of Rule 8(a) is the starting point of a simplified

---

[41] R. Doc. 1-1 ₱ 34, 48, and 49.
[42] R. Doc. 1-1 ₱86.
[43] Restatement (Second) of Torts § 402.
[44] R. Doc. 1-1 ₱ 102; *Id.*
[45] F.R.C.P. 12(e).
[46] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).
[47] *Id.* at 512 Citing F.R.CP. 8(a)(2).

pleading system, which was adopted to focus litigation on the merits of a claim."[48] Motions pursuant to Fed. R. Civ. P. 12(e) are disfavored and should only be granted when the pleading is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it."[49] "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."[50]

International Paper asserts Plaintiff has failed to plead facts with enough specificity to give notice.[51] Huntington Ingalls counters that both it and International Paper are frequent defendants "in Louisiana asbestos litigation [such that] a more definite statement is unnecessary as International Paper is already well aware of the claims being made against it, which all relate to the distribution of FRDM."[52] For the reasons previously noted in finding no merit to Defendant's motion to dismiss for failure to state a claim, the Court similarly finds Plaintiff's allegations in his petition are sufficient to put Defendant on notice as to the products liability claim under the general maritime law asserted against Defendant. To the extent Defendant requires further information, it can avail itself of the discovery process.

## **CONCLUSION**

For the foregoing reasons, Defendant International Paper Company's Motion to Dismiss for Lack of Personal Jurisdiction pursuant to F.R.C.P. 12(b)(2), Motion to Dismiss for Failure to

---

[48] *Id.* at 513 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).
[49] *J & J Sports Prod., Inc. v. Theta Beta Sigma Chapter of Phi Beta Sigma Fraternity, Inc.*, CV 18-4406, 2018 WL 3303414, at *2 (E.D. La. July 5, 2018) (citing *Phillips v. ABB Combustion Eng'g, Inc.*, No. 13-594, 2013 WL 3155224, at *2 (E.D. La. June 19, 2013)).
[50] *Swierkiewicz* at 512.
[51] R. Doc. 43.
[52] R. Doc. 122, p.5.

8

State a Claim pursuant to F.R.C.P. 12(b)(6), and Motion for More Definite Statement pursuant to F.R.C.P. 12(e)[53] are **DENIED.**

**New Orleans, Louisiana**, on this  31st  day of March, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[53] R. Doc. 43.