UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CYNTHIA MARSH, as Administrator for the Estate of HARRY F. MARSH** | **CIVIL ACTION** |
| **VERSUS** | **NO: 21-2185** |
| **THE CONTINENTAL INSURANCE COMPANY, individually and as successor in interest to Marine Office of America Corporation, a corporation** | **SECTION: T(4)** |

## ORDER

Before the Court is a *Motion for Summary Judgment Seeking Pro Tanto Credit for Settlements* filed by Defendant, The Continental Insurance Company ("Continental").[1] Plaintiff, Cynthia Marsh, filed an opposition.[2] Continental filed a reply.[3]

For the following reasons, the Motion for Summary Judgment is **DENIED**.

## FACTUAL BACKGROUND

Plaintiff is the Administrator of the Estate of her late husband, Harry F. Marsh, who died of mesothelioma.[4] Plaintiff alleges her husband's mesothelioma was due to exposure to asbestos while he was employed by Lykes Bros. Steamship Company ("Lykes") as a merchant marine aboard vessels owned and operated by Lykes between 1946 and 1986.[5] Plaintiff filed this suit seeking recovery from Continental as the insurer of Lykes under causes of action arising from state law, Jones Act, and other general admiralty and maritime law.[6] This suit has since been consolidated with a suit filed by Plaintiff's late husband before this Court No. 19-9339.[7] In that

---

[1] R. Doc. 20.
[2] R. Doc. 26.
[3] R. Doc. 32.
[4] R. Doc. 1.
[5] *Id*.
[6] R. Doc. 1.
[7] R. Doc. 102.

1

suit, Plaintiff (substituted for her late husband) sought similar recovery from ship-owner/employer defendants, product manufacturers, insurance companies, premises defendants, and distributor defendants.[8]

Continental now seeks to limit any potential recovery against it under a theory of *pro tanto* (dollar-for-dollar) credit for any amounts Plaintiff has received or will receive from asbestos trusts or settlements with other companies.[9] In doing so, Continental asks the Court to follow a line of cases adhering to *Schadel v. Iowa Interstate R.R., Ltd.*,[10] wherein the court established an exception to the generally accepted proportionate share approach to liability among joint and several defendants.[11] Plaintiff argues Continental's request is premature as a finding of shares of liability has not yet occurred.[12] If the Court does not find the request is premature, Plaintiff argues *pro tanto* relief applies only in limited circumstances depending on applicable law, the theory of liability, and the type of defendant.[13] According to Plaintiff, due to the type of defendants and causes of action, Continental bears the burden of proving entitlement to *pro tanto* relief against each defendant, and has failed to meet that burden.[14]

## LAW AND ANALYSIS

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[15] The court must find "a factual dispute to be 'genuine' if the evidence is such that a reasonable jury

---

[8] *Harry F. Marsh v. Anco Insulations, Inc.*, No. 19-9339, at R. Doc. 1.
[9] R. Doc. 20.
[10] 381 F.3d 671 (7th Cir. 2004).
[11] R. Doc. 20.
[12] R. Doc. 26.
[13] *Id*.
[14] *Id*.
[15] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)).

could return a verdict for the nonmoving party and a fact to be 'material' if it might affect the outcome of the suit under the governing substantive law."[16] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact and all reasonable inferences are drawn in favor of the nonmoving party. [17] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[18] However, "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[19] When the movant makes a sufficiently supported motion, the burden shifts to the nonmovant to show the existence of a genuine issue of material fact.[20] If the nonmovant cannot show a genuine issue of material fact exists as to an essential element of their case, and which the nonmovant bears the burden of proof at trial, summary judgment must be granted.[21]

The divided damages rule, allowing allocation of damages equally among two or more parties causing property damage in maritime collision or stranding cases, was abandoned by the United States Supreme Court in *United States v. Reliable Transfer Co, Inc.*[22] There, the court opined "that liability for such damages is to be allocated equally only when the parties are equally

---

[16] *Voelkel McWilliams Const., LLC v. 84 Lumber Co.*, 2015 WL 1184148, at *5 (E.D. La. Mar. 13, 2015) (quoting *Beck v. Somerset Techs., Inc*., 882 F.2d 993, 996 (5th Cir. 1989)).
[17] *Celotex,* 477 U.S. at 323.
[18] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398–99 (5th Cir. 2008).
[19] *Galindo v. Precision Am. Corp*., 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[20] *Celotex*, 477 U.S. at 321-25; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-57 (1986).
[21] *Celotex*, 477 U.S. at 322.
[22] 421 U.S. 397, 95 S.Ct. 1708, 44 L.Ed.2d 251 (1975).

3

at fault or when it is not possible fairly to measure the comparative degree of their fault."[23] In *McDermott, Inc. v. AmClyde*, the Supreme Court further eliminated a dollar-for-dollar credit for settlements with regard to nonsettling defendants in admiralty cases in favor of proportionate responsibility based on a jury's allocation of fault.[24] The court held that this proportionate share approach is superior to the *pro tanto* approach with or without contribution.[25] Again, the court reiterated that the *pro tanto* approach should be used only when proportionate fault could not be reasonably allocated.[26] The *pro tanto* approach was thus abandoned as "unnecessarily crude and inequitable," and "archaic and unfair" in most cases and should only be used when it is "impossible fairly to allocate degrees of fault."[27] This rationale was followed consistently by lower courts, applying the proportionate share approach rather than the *pro tanto* approach in other federal cases involving joint and several liability, including Jones Act and Federal Employers Liability Act ("FELA") matters.[28]

Federal courts, in ordinary cases, apportion liability of all settling and non-settling defendants according "to a level commensurate with their proportionate degree of fault."[29] The *pro tanto* approach is used only when it is impossible to apply the ordinary proportionate share approach.[30] Recently, a line of cases has emerged that created an exception for FELA and Jones

---

[23] *Id*. at 411.
[24] 511 U.S. 202, 114 S.Ct. 1461, 128 L.Ed.2d 148 (1994).
[25] *Id*. at 203.
[26] *Id*. at 207.
[27] *Reliable Transfer*, 421 U.S. at 407.
[28] *See* Restatement (Third) of Torts: Apportionment of Liability § 16 cmt. c (2000); *see also* Martin Davies, McDermott v. AmClyde: *The Quiet Achiever*, 39 Mar. L. & Com. 11, 12 (2008).
[29] *Cooper v. Faith Shipping*, No. 06-892, 2009 WL 1789405, at *7 (E.D. La. June 22, 2009).
[30] *Id*.; *Chisholm v. UHP Projects, Inc.*, 205 F.3d 731 (4th Cir. 2000); *Evanow v. M/V Neptune*, 163 F.3d 1108 (9th Cir. 1998); *Lakaszuk v. Sudeen*, No. 02-5143, 2007 WL 4699018, at *8 (E.D.N.Y. Nov. 27, 2007); *Stephenson v.*

Act cases by relying on *Norfolk & W. Ry. Co. v. Ayers*.[31] In this matter Continental requests this Court follow the same approach, relying mainly on *Schadel v. Iowa Interstate R.R., Ltd.*, a 7th Circuit case holding that FELA cases could employ the *pro tanto* approach.[32]

Another section of this Court has already addressed this issue in a similar case, thoroughly analyzing an identical motion.[33] Judge Barbier in *Hutchins* ultimately held that maritime asbestos litigation is not "non-ordinary" such that it should deviate from the general rule in admiralty cases calculating the liability of non-settling defendants with reference to a jury's allocation of proportionate responsibility in favor of a *pro tanto* credit approach. This Court has reviewed that decision and agrees with the reasoning and conclusions therein.

This Court agrees with Judge Barbier in *Hutchins* that Continental's reliance on *Schadel* and its progeny is misplaced because the court in *Schadel* relied on a misinterpretation of *Ayers* and *AmClyde*. In *Schadel*, the court misapplied the holding from *Ayers* in holding proportionate share would be inconsistent with FELA.[34] The *Schadel* court "ignored the fact that the *Ayers* holding referred to apportionment in the context of nonsettling defendants."[35] A review of *Ayers* and *AmClyde* reveals that joint and several liability and the proportionate share approach to

---

*Deutsche Bank AG*, No. 02-4845, 2007 WL 763087, at *14 (D. Minn. Mar. 9, 2007); *cf. Westinghouse Credit Corp. v. M/V New Orleans*, 29 F.3d 553, 555 (5th Cir. 1994).
[31] 538 U.S. 135, 123 S.Ct. 1210, 155 L.Ed.2d 261 (2003); *See Schadel v. Iowa Interstate R.R., Ltd.*, 381 F.3d 671 (7th Cir. 2004); *Benson v. CSX Transp., Inc.*, 274 Fed. App'x 273 (4th Cir. 2008); *Lewin v. Am. Exp. Lines, Inc.*, 224 F.R.D. 389 (N.D. Ohio 2004); *Torrejon v. Mobil Oil Co.*, 876 So.2d 877 (La. Ct. App. 4th Cir. 2004); *Hess v. Norfolk Southern Ry. Co.*, 106 Ohio St.3d 389, 835 N.E. 2d 679 (2005).
[32] R. Doc. 20-1; *Schadel v. Iowa Interstate R.R., Ltd.*, 381 F.3d 671 (7th Cir. 2004).
[33] *See Hutchins v. Anco Insulations, Inc.*, No. 19-11326, R. Doc. 240, 2022 WL 3998694 (E.D. La. Sept. 1, 2022) (Barbier, J.).
[34] *Schadel*, 3811 F.3d at 676-78.
[35] *Hutchins*, 2022 WL 3998694, at *4; *Schadel*, 381 F.3d at 676; Michael Mims, *Giving Credit Where Credit is Due: Applying the Proper Set-Off Rules in FELA and Jones Act Cases after AmClyde, Ayers, and Schadel*, 72 La. L. Rev. 723, 745 (2012).

settlements do not conflict. In the absence of settlement, "the non-settling defendants can seek contribution form the negligent third party by impleading him to the underlying Jones Act or FELA action. However, when there has been a settlement, contribution is not available to the non-settling Jones Act or FELA defendant because the settling defendant is generally immune from contribution."[36]

The other case relied on by Continental, which itself relies on *Schadel*, is a single case out of Ohio considering the *pro tanto* approach in a Jones Act setting.[37] In that case, the court found that in multi-defendant maritime asbestos cases, application of the proportionate share approach was unreasonable and that the *pro tanto* approach was more appropriate for purposes of judicial efficiency.[38] Continental requests this Court follow *Lewin*, deeming this maritime asbestos case as "non-ordinary" and allowing the exception for *pro tanto* credit. This Court is not so inclined. As discussed above, the *Schadel* reasoning is misplaced. The *pro tanto* approach is applicable only in matters where it is impossible to apportion fault, or where defendants are not subject to trial due to settlement or failure to appear,[39] or where defendants default.[40] The *Schadel* line of cases deviate from the norm. While *Lewin* focused only on judicial efficiency, that is also not persuasive to the Court. The Court routinely addresses complex cases such as asbestos cases including multi-defendant liability and proportionate damage allocations. The liability of non-settling defendants in admiralty cases should be calculated in proportion to the jury's determination of responsibility to those defendants. Therefore, as did Judge Barbier in *Hutchins*, the Court finds that the *pro tanto*

---

[36] *Hutchins*, 2022 WL 3998694, at *4.
[37] *Lewin v. Am. Exp. Lines, Inc*., 224 F.R.D. 389, 394 (N.D. Ohio 2004).
[38] *Id*. at 394-95. However, even in *Lewin* the court denied a motion to compel proof of claims detailing compensation from bankruptcy trusts, choosing rather to defer the details of compensation received until after a jury's judgment on liability. *Id*.
[39] *See, e.g. Cooper*, 2009 WL 1789405, at*7.
[40] *See, e.g. Lukaszuk*, 2007 WL 4699018, at*8.

approach is not applicable in this matter and, therefore, it declines to deviate from the Supreme Court's instructions in *Reliable Transfer* and *AmClyde*.

Accordingly, the *Motion for Summary Judgment* filed by Continental is **DENIED.**

New Orleans, Louisiana, this __24th__ day of March, 2023.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE