UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CYNTHIA MARSH as Administrator for the Estate of HARRY F. MARSH** | **CIVIL ACTION** |
| **VERSUS** | **NO:     19-9339 c/w 21-2185** |
| **THE CONTINENTAL INSURANCE COMPANY, individually and as successor in interest to Marine Office of America Corp.,** | **SECTION: "T" (4)** |

**ORDER**

Before the Court are the following: (1) Defendant Continental Insurance Company's ("Continental" or "Defendant") **Motion to Quash Plaintiff's Request's for Admission of Fact, or in the Alternative, Motion for Protective Order (R. Doc. 437)**; the motion is opposed. R. Doc. 442.; (2) Plaintiff's **Motion to Compel Defendant's Responses to Interrogatories, Request for Production of Documents and Things, and Corporate Representative Deposition (R. Doc. 439)**; the motion is opposed. R. Doc. 472.; and Continental's **Motion for Protective Order (R. Doc. 441)**.; the motion is unopposed. Due to the nature of the motions, the Court will address them collectively.

**I.     Background**

This suit arises from Harry F. Marsh's ("Mr. Marsh") alleged asbestos exposure aboard various merchant marine vessels, including vessels owned and/or operated by Lykes. R. Doc. 1. Continental has been sued as the alleged insurer of Lykes. Plaintiff filed suit in state court on January 18, 2019. *Id*. Defendants subsequently removed the case to this Court under federal officer jurisdiction. *Id*. Mr. Marsh passed away from mesothelioma in August of 2019. *Id*. Plaintiff alleges that Continental is liable for Lykes' negligence in failing to warn, prevent, or otherwise exercise

reasonable care with regard to the use of asbestos, which is alleged to have caused Mr. Marsh's illness and death. *Id*.

**II.     Standard of Review**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." *See* Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. The discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947)). Further, it is well established that "control of discovery is committed to the sound discretion of the trial court. . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

Rule 26(c) allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Discovery of documents, electronically stored information, and the like is governed by Federal Rule of Civil Procedure 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things" in the responding party's "possession, custody, or control." *Id.*

**III.   Analysis**

Various motions have been filed by both the Plaintiff and Continental that the Court resolves as follows.

  **A.   *Motion to Quash Plaintiff's Requests for Admission or, in the Alternative, Motion for Protective Order (R. Doc. 437)***

Continental has moved to quash Plaintiff's First Set of Requests for Admission of Fact ("RFAs"). R. Doc. 437. Continental argues that Plaintiff's 308 page document consisting of 1,459 requests are unduly burdensome, harassing, and contrary to the purpose pf Rule 36 of the Federal Rules of Civil Procedure. *Id*. Furthermore, Continental alleges that the majority of the requests are also improperly directed to Continental. *Id*. Continental is sued under the Direct Action Statute as the alleged insurer of Lykes Bros. Steamship Co., Inc. ("Lykes"), as Plaintiff seeks Admissions regarding the knowledge and activities of Lykes. *Id*.

However, Plaintiff filed a response in opposition of Continental's instant motion arguing that the propounded Requests for Admissions are necessary for several reasons. R. Doc. 442. First, Plaintiff argues that the requests establish that Lykes was the owner of the vessels referenced in the RFAs. Second, the RFAs establish that the vessels were steamships. Third, and finally, the RFAs further seek to establish that Mr. Marsh was a Jones Act seaman. Essentially, Plaintiff argues that the information sought by and through the RFAs were designed to narrow down evidence to be presented to the jury.

Continental filed a reply to Plaintiff's opposition, simply rehashing its same arguments. R. Doc. 470.

Federal Rule of Civil Procedure 36 does not specifically limit the number of requests for admission that a party may serve. There is no absolute number of Rule 36 requests that are excessive across every case. *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, No. 3:14-CV-2498-B, 2016 U.S. Dist. LEXIS 1999, 2016 WL 98603, at *15 (N.D. Tex. Jan. 8, 2016) (citing *Gen. Elec. Co. v. Prince*, No. 06 Civ. 0050 SAS MHD, 2007 U.S. Dist. LEXIS 6029, 2007 WL 86940, at *2 (S.D.N.Y. Jan. 10, 2007)). Instead, a court considers whether the burden and expense of answering the requests outweigh the importance of the requests in resolving the issues. *Id.*

Here, the Court finds that the vast majority of the subject RFAs (1,459) are irrelevant, duplicative, and burdensome in volume. As Continental has pointed out, this is an action against a single insurance company, Continental, via the Louisiana Direct Action Statute. La. Rev. Stat. § 22:1269. Thus, it appears that the recovery from Continental arises out of the subject insurance policy issued to Lykes.

The Direct Action Statute "is an application of contract law that a third-party beneficiary may sue to enforce a contract for his benefit even though not himself a party to the agreement." *In Re Combustion, Inc.*, 960 F. Supp. 1056, 1059 (W.D. La. 1997) (emphasis added).Therefore, under the statute, topics unrelated to those contractual rights are irrelevant. Most of the subject RFAs seek information related to Lykes' history, operations, and knowledge – which the Court finds are irrelevant to claims against Continental. Moreover, in Plaintiff's opposition, Plaintiff fails to address why many of the RFAs are directed to Lykes but have been propounded to Continental.

Furthermore, numerous RFAs propounded by Plaintiff merely interchange dates in otherwise identical requests. Also, the sheer volume of Plaintiff's propounded RFAs is disproportionate to the needs of the case when considering the fact that the majority of the requests concern an entity other than Continental. *See Snively v. Peak Pressure Control*, No. MO:15-CV-00134-DC, 2018 U.S. Dist. LEXIS 242457, at *4-5 (W.D. Tex. Jan. 16, 2018) (finding that 800 requests for admission were excessive).

For the reasons above, the Court finds that Plaintiff's First Set of Requests for Admission of Fact are indeed disproportionate to the needs of this case under the parameters set forth in Rule 26 and 36.

    **B.**    *Motion to Compel Defendant's Responses to Interrogatories, Request for Production of Documents and Things, and Corporate Representative Deposition (R. Doc. 439)*

Plaintiff filed a motion to compel Continental to provide its responses to interrogatories, requests for production and compel Continental's corporate deposition. R. Doc. 439. Continental filed an opposition in response to Plaintiff's motion, alleging that Continental has fully responded to Plaintiff's requested discovery, and has offered to produce a corporate representative for

deposition. R. Doc. 472. Plaintiff has not disputed Continental's statements. Thus, the Court finds that Plaintiff's motion to compel is MOOT.

### C. *Motion for Protective Order (R. Doc. 441)*

Continental has moved for a protective order limiting the scope of Plaintiff's topics and documents requested for the corporate deposition of Continental. R. Doc. 441. Continental argues that the vast majority of the requests are improperly directed to Continental and should be directed instead to Lykes, as Lykes possesses the knowledge and requested information. *Id*. Additionally, Continental has asked the Court the limit the topics of the requested deposition to categories b, c, and d, that are applicable to insurance policies issued to Lykes. *Id*. Continental argues that those topics are the only appropriate topics for the deposition of Continental. *Id*. The motion is unopposed.

The Court finds that Continental's Motion for Protective Order should be granted for the same reasons as indicated in Continental's Motion to Quash. It is clear that once again Plaintiff has directed the majority of the deposition topics toward Continental, when it appears they should be directed toward Lykes. The Court further notes that Plaintiff has failed to address this repetitive issue. The Court will allow the corporate deposition to proceed forward, limiting the scope of the deposition to topics b, c, and d, as those topics are more narrowly tailored to the subject insurance policy issued to Lykes.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Defendant Continental Insurance Company's **Motion to Quash Plaintiff's Request's for Admission of Fact, or in the Alternative, Motion for Protective Order (R. Doc. 437)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the Plaintiff's **Motion to Compel Defendant's Responses to Interrogatories, Request for Production of Documents and Things, and Corporate Representative Deposition (R. Doc. 439)** is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that the Defendant Continental Insurance Company's **Motion for Protective Order (R. Doc. 441)** is **GRANTED**. The corporate deposition will proceed forward within the deadlines, limiting the scope of the deposition to topics b, c, and d, as those topics are more narrowly tailored to the subject insurance policy issued to Lykes.

New Orleans, Louisiana, this 12th day of April 2023.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**